UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:19-CR-00839 HEA |
| MARY ANN GIBSON, | ) ) ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorney for said District, and for its Sentencing Memorandum, states as follows:

On October 10, 2019, Defendant Mary Ann Gibson waived indictment by the Grand Jury and pleaded guilty to one count (Count V) of a five count Information charging her with Bank Fraud in violation of Title 18, United States Code, Section 1344 (Counts I-V). Doc. 1.

I.  Determination of the Guideline Range

In the plea agreement, the parties estimated the Total Offense Level to be **23**, including a sixteen-point enhancement because the loss exceeds $1.5 million pursuant to §2B1.1(b)(1)(I). Doc. 5, §6. With a three-point deduction for acceptance of responsibility, the parties estimated the Total Offense Level to be **20**, resulting in a guideline range of imprisonment of ***33-41*** months based on Defendant's criminal history category of I, PSR ¶69.

It is worth noting that Defendant spends a significant portion of her Sentencing Memorandum (Doc. 32), detailing a proposed, but not adopted, form of the sentencing guidelines.

While there are merits to a discussion of potential, alternative guidelines provisions and applications, such discussion is purely academic, and bears little if any weight on the application of the 2018 Guidelines Manual that *has* been adopted and applied to similarly situated defendants. Accordingly, the Government requests, consistent with the recommendation of the probation office, that the 2018 Sentencing Guidelines Manual be applied to this case to avoid unwarranted sentencing disparities between similarly situated defendants.

For the reasons detailed below, the Government requests a sentence of imprisonment consistent with the plea agreement and the guidelines calculation reached by the probation office, specifically **33-41** months followed by a period of supervised release of **3 years**.

II.    History and Characteristics of Defendant Gibson

*Criminal History*

The defendant has no prior criminal convictions resulting in a criminal history category of I.  PSR ¶39.  However, the instant offense to which the Defendant has pleaded guilty involved a multi-year fraud which resulted in a loss of $2.5 million to the victim and the loss of the jobs and livelihoods of many people.

*History of Defendant's Scheme to Defraud*

During the time period of the fraud, Defendant Mary Ann Gibson was the Chief Executive Officer of Mozaic Group Ltd. (hereinafter "Mozaic"), a company providing account marketing services to large corporations.  In fact, as outlined in her letter to the court, Doc. 32, Exhibit B, throughout her professional life Defendant Gibson bought and sold more than one business, and received the starting capital for Mozaic from her family.  Defendant Gibson was fortunate to experience much success as an entrepreneur and the monetary and relational support of her family

throughout her endeavors.

Despite this good fortunate and support, Defendant's letter to the court cannot help but point out the tribulations that Defendant attributes as the ultimate reasons for her scheme to defraud and inability to pay back the loan from Enterprise Bank and Trust (hereinafter "Enterprise" or "the bank"). She blames the recession. She blames her minority investors. She blames the Mozaic salespeople. Sprinkled throughout her "acknowledge of responsibility" the defendant points to several other factors that she believes are truly responsible for her conduct and the resulting loss in this case. In reality, the Defendant had a self-serving reason for every action she took leading to the execution of this fraud. She did not want to lose her livelihood. She did not want to lose her standing in the business community. And so she systematically made fraudulent misrepresentations to the bank for a period of years, in order to keep those unwanted outcomes from occurring. The Defendant was privileged to have many advantages in life. Rather than steward those advantages, she chose to commit fraud on the bank that trusted her due to a long-standing relationship.

III.    Nature and Circumstances of Offense

From approximately January 2016 through approximately August 2017, Defendant Gibson engaged in a scheme to defraud Enterprise Bank and Trust. It was part of the scheme to defraud that the defendant obtained a line of credit of $2,400,000 for Mozaic with Enterprise Bank and Trust in January 2016. By August 2017, Enterprise Bank and Trust increased the line of credit amount to $2,800,000, acting in reliance on false representations made by the defendant regarding the amount of Accounts Receivable due and owing to Mozaic. During the relevant time period, Mozaic drew down the line of credit obtained from Enterprise Bank and Trust. In order to maintain

the line of previously issued credit, the defendant was required by Enterprise Bank and Trust to provide monthly accounting statements on behalf of Mozaic, in which she identified the Accounts Receivable due and owing to Mozaic during that reporting period. Rather than accurately reporting the amount of Mozaic's Accounts Receivable, the defendant conveyed to Enterprise Bank and Trust falsely inflated Accounts Receivable. In addition, the defendant certified falsely and fraudulently inflated EBITA (Earnings Before Interest, Taxes, and Amortization) numbers which she submitted to Enterprise Bank and Trust to purportedly reflect the Accounts Receivable numbers for Mozaic during the relevant reporting period.

Defendant Gibson also directed Mozaic employees to create false and fraudulent invoices for the purpose of supporting the inflated Accounts Receivable the defendant reported to Enterprise Bank and Trust on a monthly basis in order to maintain Mozaic's acquired line of credit. Because Mozaic did not in fact have the Accounts Receivable the defendant represented to Enterprise Bank and Trust in her monthly reports, Mozaic subsequently defaulted on the loan obtained from Enterprise Bank and Trust. The default caused by the defendant's fraud resulted in a loss of approximately $2.5 million to the bank.

At no point during this scheme to defraud Enterprise did Defendant Gibson acknowledge her fraud to the bank. Rather, she later wrote off prior Accounts Receivable supplied to the bank issuing various excuses regarding actions of the salespeople or negligence of Mozaic's clients. But such actions were too late to avoid a very significant loss to the bank. The defendant could no longer hide from the impact of her actions, for which she was solely responsible, and blame others for her fraud.

IV.    Sentencing Objectives

Pursuant to 18 U.S.C. § 3553(a)(2), a court's imposed sentence must reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.  A custodial sentence of *33-41 months* imprisonment would adequately address these sentencing goals in the instant case.  The Defendant's criminal behavior resulted in a $2.5 million loss to Enterprise Bank and Trust.  Her actions cost many people their jobs, savings, and livelihoods—causing a ripple effect well beyond herself.  Defendant's requested non-custodial sentence simply does not reflect the magnitude and seriousness of her offense.  Nor would such a sentence provide just punishment for the significant financial loss and human impact of Defendant Gibson's fraud.  The requested guideline sentence of *33-41 months* is an appropriate deterrent to the Defendant and other white collar criminals.

WHEREFORE, based on the analysis of the aforementioned §3553(a) factors, the Government respectfully requests that the Court impose a guideline sentence of *33-41 months* of incarceration, to be followed by *3 years* of supervised release.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Lindsay McClure-Hartman*
Lindsay McClure-Hartman, #66070(MO)
Assistant United States Attorney
111 S. 10th Street, Room 20.222
St. Louis, Missouri 63l02
(314) 539-2200
Lindsay.McClure-Hartman@usdoj.gov

5

CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, the foregoing was filed electronically with the Clerk of the Court, under seal, and was served by electronic mail upon defense counsel.

>*/s/ Lindsay McClure-Hartman*
>LINDSAY MCCLURE-HARTMAN #66070MO
>Assistant United States Attorney